Filed 11/13/20  In re Poslof CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re LONNIE LEE POSLOF, SR.,<br><br>on Habeas Corpus. | E074992<br><br>(Super.Ct.No. WHCJS1800247)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Gregory S. Tavill, Judge.  Petition granted.

C. Matthew Missakian, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Gregory J. Marcot, Deputy Attorney General, for Respondent.

Petitioner Lonnie Lee Poslof, Sr., (Defendant) is serving a "Three Strikes" sentence of 27 years to life after a jury convicted him in 2003 of failing to register as a sex offender, a nonviolent felony offense.  Defendant was required to register as a sex offender based on two prior Penal Code section 288 convictions.  In 2016, voters approved Proposition 57, the Public Safety and Rehabilitation Act of 2016, which amended the California Constitution to provide early parole consideration to all state

1

prisoners convicted of nonviolent felony offenses. Proposition 57 tasked the California Department of Corrections and Rehabilitation (CDCR), to adopt regulations in furtherance of these provisions. These CDCR regulations excluded from early parole consideration any person convicted of an offense requiring the person to register as a sex offender. Defendant was denied early parole consideration by the Bureau of Prison Hearings (BPH) based on his prior strike convictions requiring him to register as a sex offender. He filed this petition for writ of habeas corpus (Petition) challenging the denial of early parole consideration.

The California Supreme Court is currently reviewing this issue in *In re Gadlin* (2019) 31 Cal.App.5th 784, review granted S254599, May 15, 2019 (*Gadlin*). We grant the Petition and direct the CDCR to conduct an early parole consideration hearing.

## FACTUAL AND PROCEDURAL HISTORY

In 2003, Defendant was convicted of failing to register as a sex offender (Pen. Code, former § 290, subd. (g)(2)). He was found to have suffered two prior strike convictions for lewd and lascivious acts on a child under age 14 (§ 288, subd. (a)) committed in 1992 (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). He was sentenced to 27 years to life. Defendant filed a direct appeal where his claims of instructional error—that there was insufficient evidence he had actual knowledge he was required to register a second residence, and that his sentence of 27 years was cruel and unusual punishment—were rejected. (*People v. Poslof* (2005) 126 Cal.App.4th 92, 99-109.) He filed a later appeal from the denial of his Penal Code section 1170.26 petition to recall

2

his indeterminate life term, which was affirmed.  (*People v. Poslof* (Sept. 24, 2013, E058866), 2013 WL 5316167 [nonpub. opn.].).)

In 2019, Defendant filed a petition for writ of habeas corpus in the California Supreme Court, which was denied without prejudice "to any relief to which defendant might be entitled after this court decides *In re Gadlin*, S254599."  Defendant filed a petition for writ of habeas corpus in the San Bernardino Superior Court on January 21, 2020, claiming he was entitled to relief pursuant to Proposition 57.  The habeas corpus petition was denied.

Defendant filed his Petition in this court on April 3, 2020, claiming he was entitled to an early parole hearing under Proposition 57.  CDCR filed an informal response and asked that this court hold the writ proceedings in abeyance until *Gadlin* is decided.

Defendant filed a reply to the informal response on July 24, 2020.  Attached to the reply, Defendant included a BPH decision dated January 12, 2017, stating the BPH did not have jurisdiction to advance his parole hearing.  In addition, Defendant included a letter from the BPH dated May 23, 2020, stating he was not eligible for early parole consideration because he was not eligible under the nonviolent offender parole review process.  He was eligible for review on March 21, 2024.[1]

---

[1] Defendant raised other issues in his reply to the informal response, which were not raised in the Petition.  Those issues were not further addressed in Defendant's traverse to the return.  We will not consider these issues raised for the first time in the reply to the informal response that are not supported by any argument or documentation.

3

We declined to hold the writ proceedings in abeyance and issued an order to show cause why relief should not be granted. Defendant was appointed counsel. CDCR filed its return to the order to show cause, arguing at length that its regulations disallowing early parole consideration for those convicted of offenses that required the inmate to register as a sex offender were appropriate based on voter intent. Further, CDCR argued that this court should not follow *Gadlin*.

Counsel for Defendant filed a traverse to the return, primarily arguing that the plain language of Proposition 57 does not provide for an exclusion for those required to register as sex offenders.

## DISCUSSION

Defendant contends this court should grant the Petition, finding that the CDCR's regulations excluding sex offender registrants from early parole consideration conflicts with Proposition 57's amendment to the California Constitution, and direct the BPH to grant him an early parole hearing.

Proposition 57 amended the California Constitution to provide as follows: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art.1, § 32, subd. (a)(1) (hereafter § 32(a)(1)).) "[T]he full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. 1, § 32, subd. (a)(1)(A).) It also directed the CDCR to "adopt regulations in furtherance of these provisions" and the CDCR was

4

directed to "certify that [the] regulations protect and enhance public safety." (Cal. Const., art. 1, § 32, subd. (b).)

The CDCR adopted regulations making nonviolent third strike offenders serving a life sentence eligible for early parole consideration. (Cal. Code Regs., tit. 15, § 3496, subd. (a).) Defendant's current offense is for failing to register as a sex offender, which is a nonviolent felony offense because it is not listed as a "violent felony" in Penal Code section 667.5, subdivision (c). Defendant has served his sentence on the primary offense of failing to register as a sex offender, which carries a 16 month, two year, or three year sentence. (Pen. Code, former § 290, subd. (g)(2).)

However, the CDCR regulations further provide that such early parole consideration does not apply to inmates "convicted of a sexual offense that currently requires or will require registration as a sex offender" under Penal Code section 290. (Cal. Code of Regs, tit. 15, § 3496, subd. (b).)[2] The CDCR construes this language to deny early parole consideration for any inmate who is required to register as a sex offender regardless of the plain language of section 32(a)(1) that "any person" convicted of a nonviolent felony offense is entitled to early parole consideration. (*Gadlin*, *supra*, 31 Cal.App.5th at pp. 789-790.)

The validity of the CDCR regulations restricting early parole consideration for sex offender registrants was addressed in *Gadlin*. We find its reasoning persuasive.

---

[2] California Code of Regulations, title 15, section 3491, subdivision (b)(3), provides similar language that an inmate who is convicted of a sexual offense, which requires registration as a sex offender, is not entitled to early parole consideration.

The court in *Gadlin* held that California Code of Regulations, title 15, section 3491, subdivision (b)(3), was invalid for excluding from early parole consideration those subject to registration pursuant to Penal Code section 290 for a prior crime, for which the inmate has served the sentence. The *Gadlin* court found, referring to the language of section 32(a)(1), it "make[s] clear that early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal history. This interpretation is supported by section 32(a)(1)'s use of the singular form in 'felony offense,' 'primary offense,' and 'term.' " (*Gadlin*, *supra*, 31 Cal.App.5th at p. 789.) The court in *Gadlin* found that California Code of Regulations, title 15, section 3491, subdivision (b)(3), is inconsistent with the plain language of section 32(a)(1) and is therefore void. (*Gadlin*, at pp. 789-790.)

Further, this court in *In re King* (2020) 54 Cal.App.5th 814, found "[T]he plain language of section 32(a)(1) requires early parole consideration to be based solely on the present offense of conviction. We therefore conclude that the CDCR regulation (Cal. Code Regs., tit. 15, § 3491, subd. (b)(3)) is invalid insofar as it excludes from early parole consideration inmates who are sex offender registrants because of prior convictions." (*Id*. at p. 817.) The plain language of section 32(a)(1) requires that Defendant be afforded early parole consideration based solely on the present offense of conviction.[3]

---

[3] We need not address CDCR's claims in the Return that the voters intended to exclude sex offender registrants from early parole consideration. "Because we conclude that the plain language of section 32(a)(1) is clear and unambiguous as to the voters'

*[footnote continued on next page]*

For the same reasons stated in *Gadlin* and *King*, Defendant is entitled to a writ of habeas corpus because he is currently serving a term for a nonviolent felony offense and has already served the full term of that offense. Defendant is entitled to early parole consideration. The CDCR regulations—California Code of Regulations, title 15, sections 3491, subdivision (b)(3), and 3496, subdivision (b)—excluding sex offender registrants from early parole consideration are invalid. We grant the Petition.[4]

## DISPOSITION

The petition for writ of habeas corpus is granted. The California Department of Corrections and Rehabilitation is directed to evaluate Defendant for early parole consideration within 60 days of the issuance of the remittitur.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                                    
                                          Acting P. J.

We concur:

RAPHAEL                          
                    J.

MENETREZ                          
                    J.

---

intent in passing Proposition 57, we need not consult the ballot materials to determine the initiative's meaning." (*In re King*, *supra*, 54 Cal.App.5th at p. 822.)

[4] We express no opinion as to whether the BPH should grant parole to Defendant.

7